**Jesse Albert DURAN, Petitioner,**

v.

**A.A. STAGNER, Superintendent, Respondent.**

**No. C–85–20005–WAI.**

United States District Court, N.D. California.

July 9, 1985.

Kevin Morrison, Sheldon Portman, Public Defender, County of Santa Clara, San Jose, Cal., for petitioner.

John Van de Kamp, Atty. Gen., San Francisco, Cal., for respondent.

## MEMORANDUM OF DECISION

INGRAM, District Judge.

The application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is GRANTED in the manner herein specified.

The following facts are without dispute:

Petitioner was arrested for murder.

Petitioner's exculpatory statement was taken by police officers in circumstances which violated the requirements set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

A motion to suppress the statement so taken was denied by the trial court.

At trial the statement was not introduced by the People as part of the case in chief. It was first alluded to by defense counsel during the direct examination of petitioner, by eliciting the facts that the statement had been taken, that it was false and the reason given by petitioner for the giving of the statement.

On cross-examination of petitioner, the prosecutor referred to the statement and elicited from petitioner an admission that the statement was false.

After defense rested the prosecutor offered in evidence selected portions of the statement as part of his rebuttal case.

No admonition was given by the trial judge at the time the prosecutor questioned petitioner with respect to the statement or at the time that parts of it were received in evidence.

The trial judge instructed the jury in accordance with CALJIC 2.03 (consciousness of guilt may be inferred from prior false and misleading statements), and 2.20 (prior inconsistent statements for impeachment). Petitioner made timely objection to 2.03.

Petitioner contends that the giving of CALJIC 2.03 impermissibly allowed the jury to consider the statement in question for a purpose other than an evaluation of the credibility of petitioner, which is a use of the statement not constitutionally permissible under *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and *Hinman v. McCarthy*, 676 F.2d 343 (9th Cir.1982).

Respondent contends that *Hinman* is distinguishable from this case, because in the instant case, unlike *Hinman* it is clear from the procedural posture of the case that the statement was offered for purposes of impeachment, and not as evidence of guilt. Respondent points out that a statement which is wholly exculpatory as is the one in issue, is only of value to the prosecution for purposes of impeachment,

in that it does not tend to prove petitioner's guilt, but just the opposite.

If *Hinman* is distinguishable in the manner contended for, respondent urges that this case is controlled solely by *Harris.*

■ The instant case is not distinguishable from *Hinman* because these facts, like those of *Hinman*, involve the impermissible affirmative use of a statement taken without the protections of *Miranda.* Respondent's argument is otherwise appealing, but it does not in the court's opinion sufficiently deal with the problem injected by the giving of CALJIC 2.03. The most liberal reading of *Harris* makes it clear that the court excepted from the operation of the exclusionary rule "the traditional truth-testing devices of the adversary process." To expressly allow the jury to consider such a statement as the one in issue here for any purpose other than credibility of the declarant goes beyond the permissible borders of the *Harris* holding. Even if the suspect instruction is "icing on the cake" as suggested by respondent, it is apparent that it blazes a new trail.

■ Moreover, in the view of this court, *Hinman v. McCarthy*, 676 F.2d 343 (9th Cir.1982), enjoins the trial courts of this circuit to properly instruct that statements which are not taken in accordance with the rule of *Miranda*, and which are used properly in accordance with *Harris* and with *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), may be considered only for the purpose of evaluating the credibility of the declarant/witness.

The broadening of the exceptions to *Miranda* exclusion articulated in *Harris* and *Hass* by the giving of the instruction in issue amounts to constitutional error. *Cf. United States v. Valle Valdez*, 554 F.2d 911 (9th Cir.1977).

Such error requires reversal unless it appears beyond a reasonable doubt that the error was harmless, that is, that there is no reasonable possibility that the error materially affected the verdict. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Hinman, supra.*

Respondent contends that the error is harmless for the same reasons that the California Court of Appeal found that the error was harmless under the somewhat different standards of state law, *People v. Duran*, 140 Cal.App.3d 485, 189 Cal.Rptr. 595 (1983), and because, unlike the statement in *Hinman*, the statement in this case is strongly exculpatory, and if believed, would absolve petitioner of guilt.

Petitioner argues primarily the observation in *Duran* that the extended jury deliberations and the expressed belief of the foreman and 11 members of the jury that they were deadlocked, "point to the closeness of the case." Petitioner further contends that the exculpatory nature of the statement is not material, because instruction 2.03 permits the drawing of the consciousness of guilt inference on the basis of *any* deliberating false or misleading statement.

This court has carefully examined the entirety of the trial transcript and is unable to find beyond a reasonable doubt that there was *no reasonable possibility* that the error materially affected the verdict. Petitioner's possession of a knife prior to the stabbing is established by the testimony of a single witness, RT 1011, and is squarely contradicted by petitioner's testimony. An inference of consciousness of guilt may within reasonable possibilities have been a material factor in the finding of the verdict.

Accordingly, an alternative writ of habeas corpus should issue, commanding the vacation of the judgment and sentence and release of petitioner at the expiration of 120 days, unless he be sooner retried on the issues raised by the information and the responsive plea thereto.

Counsel for petitioner shall prepare a form of writ to be submitted to counsel for respondent for approval as to form and then to the court for signature. Petitioner's second contention of jury coercion need not be reached.