[No. E005514. Fourth Dist., Div. Two. June 28, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY KENDRICK, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Parts I and III are not published; they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

## COUNSEL

D. Kapp Nees, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael D. Wellington and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, J.**—Defendant Tony Kendrick was charged in an information with one felony count of burglary (Pen. Code, § 459). A jury found him guilty as charged. He was sentenced to state prison for the lower term of 16 months.

Defendant contends on appeal that: (1) his trial counsel was ineffective in that he failed to challenge the prosecutor's impeachment of the defense witness Anthony Brooks (Brooks) with a prior felony conviction and to have the court weigh the use of such prior pursuant to Evidence Code section 352; (2) the trial court erroneously failed to sua sponte instruct the

jury with CALJIC No. 2.23;[1] and (3) the trial court improperly used the record of a 1968 juvenile dismissal and a 1983 arrest in denying him probation and sentencing him to state prison.

## STATEMENT OF FACTS

During the afternoon of September 2, 1987, a shipment of 53 color television sets for the newly constructed Rodeway Inn (Inn) in Ontario arrived and were stored in a locked room at the construction site. Around 11:40 p.m. a husband and wife living near the Inn heard the sound of breaking glass. The husband looked out and saw defendant's car backed up to the construction area. The trunk of the vehicle was open. He called the police. The wife testified that she observed two men carry a large box from the Inn to the car and put it into the back seat. The men returned to the Inn and came back to the vehicle carrying another large box which they put into the open trunk. The two men got into the car and slowly drove away from the area. The car lights were off.

Police units responding to the husband's call spotted defendant's car as he drove away from the Inn. The police officer got behind the car and was able to see that the box in the trunk was marked "RCA." The officer turned on his emergency equipment but the defendant's car failed to immediately stop; after some period of time the vehicle yielded to the officer's authority. Defendant was driving the car. A friend, Brooks, was the passenger. The officer found a new color television in a box in the back seat of defendant's car and a second new color television in a box found in the trunk.

A check of the Inn revealed that the window of the room where the television sets had been stored had been broken and two of the new color television sets had been removed from the storage area.

*Defense*

Defendant testified that he had been hired to perform clean up tasks at the Inn site. He testified that on the night of his arrest he was working at the Inn site along with his employee, Brooks.

---

[1] "The fact that a witness has been convicted of a felony, if such be a fact, may be considered by you only for the purpose of determining the believability of that witness. The fact of such a conviction does not necessarily destroy or impair a witness's believability. It is one of the circumstances that you may take into consideration in weighing the testimony of such a witness." (CALJIC No. 2.23 (5th ed. 1988).)

His friend Brooks testified that unbeknownst to defendant, he broke into the room holding the Inn's television sets and took two of them. He testified he placed them in defendant's car. He testified that when defendant discovered this, defendant objected and was somewhat surprised that Brooks had stolen the television sets. Defendant then proceeded to head toward his employer's house even after Brooks pleaded with defendant to drop him and the television sets off at the home of a girl with whom he was staying. Brooks requested this of defendant after it became clear to Brooks that defendant had no intention of helping him with the televisions. Immediately after leaving the scene together, however, the vehicle was stopped by a police unit and the two were arrested.

On direct examination Brooks admitted he had suffered a recent conviction for burglary. On cross-examination the prosecutor impeached him with a second prior felony conviction for sale or transportation of methamphetamine[2] suffered in 1976.

### DISCUSSION

#### I*

. . . . . . . . . . . . . . . . . . . .

#### II

#### *Alleged CALJIC No. 2.23 Error*

■ Defendant complains that the trial court erred in failing to give CALJIC No. 2.23 sua sponte. He alleges that the use of a prior conviction for purposes of impeachment is admissible for a limited purpose and the jury must be so instructed. In *People* v. *Mayfield* (1972) 23 Cal.App.3d 236, 244 [100 Cal.Rptr. 104], the court held that the trial judge had a sua sponte

---

[2] Although no code section was mentioned, it appears that the violation was pursuant to Health and Safety Code section 11379 (11379).

* See footnote, *ante,* page 1273.

duty to give a limiting instruction as to the use of prior felony convictions and its effect on the credibility of a witness. However, it is not reversible error per se. (*Id.,* at p. 245; cf. Evid. Code, § 353.) In *Mayfield,* a jury found the defendant guilty of violating section 11912 of the Health and Safety Code (sale of a controlled substance). During trial the defendant admitted she had been previously convicted of manslaughter. (*Id.,* at p. 244.) *Mayfield* interpreted Evidence Code section 788 as requiring a sua sponte instruction in that ". . . it is *implicit* from the wording of that section that the jury shall be admonished as to the limited application they may give such evidence." (*Id.,* at p. 244, italics added.) Because ". . . the very section which makes such evidence admissible confines it to impeachment of the witness' credibility." (*Ibid.*) For its conclusion that a limiting instruction be given sua sponte, the *Mayfield* court relied on [*People* v.] *Beagle* [(1972)] 6 Cal.3d [441] at page 452 [99 Cal.Rptr. 313, 492 P.2d 1] and *Luck* v. *United States* (D.C. Cir. 1965) 348 F.2d 763 [121 App.D.C. 151]. (*Mayfield, supra,* 23 Cal.App.3d at pp. 244-245.) After a review of those cases, we cannot conclude that *Beagle* supports that premise. Nor does *Luck.* Additionally, *Luck* was abrogated by 14 District of Columbia Code section 305. (*Beagle, supra,* 6 Cal.3d at p. 452, fn. 2.) The *Mayfield* court did not discuss Evidence Code section 355.[7]

In *People* v. *Nudd* (1974) 12 Cal.3d 204 [115 Cal.Rptr. 372, 524 P.2d 844][8] the defendant was impeached with his inconsistent statements. A limiting instruction was not given, and on appeal the defendant contended that the court had erred by failing in its duty to instruct the jury sua sponte with a limiting instruction. The court held that the trial judge did not have a sua sponte duty to so instruct the jury and held "[b]ut absent request by a party, there is no duty to give an instruction limiting the purpose for which evidence may be considered." (*Id.,* at p. 209.) It referred to Evidence Code section 355. (*Ibid.*) In circumstances where limiting instructions should have been requested and given, other courts have reached the same conclusion: *People* v. *Collie* (1981) 30 Cal.3d 43, 63 [177 Cal.Rptr. 458, 634 P.2d

---

[7] Evidence Code section 355 reads: "When evidence is admissible as to one party or for one purpose and is inadmissible as to another party or for another purpose, the court *upon request* shall restrict the evidence to its proper scope and instruct the jury accordingly." (Italics added.)

[8] *Nudd* was subsequently overruled by *People* v. *Disbrow* (1976) 16 Cal.3d 101, 113 [127 Cal.Rptr. 360, 545 P.2d 272], but only as to its holding that a statement made in violation of *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) could be admitted into evidence. The court did not rule on the issue of whether a limiting instruction was required sua sponte or "upon request" when evidence is admitted for impeachment purposes. (*Disbrow, supra,* 16 Cal.3d at p. 112.) Hence, the "upon request" rule of *Nudd* was not overruled in *Disbrow.* In *People* v. *May* (1988) 44 Cal.3d 309, 315 [243 Cal.Rptr. 369, 748 P.2d 307], the court held that *Disbrow* was abrogated by the passage of Proposition 8 (Cal. Const., art. I, § 28, subd. (d).)

534, 23 A.L.R.4th 776] (evidence of past criminal conduct admitted against defendant to establish intent, motive, common modus operandi); *People* v. *Richards* (1976) 17 Cal.3d 614, 618, 619 [131 Cal.Rptr. 537, 552 P.2d 97] (defendant's adoptive admission); *People* v. *Cantrell* (1973) 8 Cal.3d 672, 683 [105 Cal.Rptr. 792, 504 P.2d 1256] (defendant's statements to a psychiatrist); *People* v. *Perry* (1972) 7 Cal.3d 756, 787-788 [103 Cal.Rptr. 161, 499 P.2d 129] (evidence against codefendant admitted without limiting instruction); and *People* v. *Ford* (1979) 97 Cal.App.3d 744, 749 [158 Cal.Rptr. 859] (prior uncharged offenses).

Prior to the effective date of Evidence Code section 355 it was settled that a sua sponte duty did not exist to so instruct. (*People* v. *White* (1958) 50 Cal.2d 428, 430 [325 P.2d 985] [rebuttal hearsay evidence admitted to impeach defendant's witnesses]; *People* v. *Holbrook* (1955) 45 Cal.2d 228, 233 [288 P.2d 1] [evidence of defendant's intent to commit an abortion on one count should not have been considered on a second count]; *People* v. *Weitz* (1954) 42 Cal.2d 338, 347 [267 P.2d 295] [prior criminal acts admitted on intent and for purposes of corroboration]; *People* v. *Simeone* (1945) 26 Cal.2d 795, 808 [161 P.2d 369] [evidence of a robbery admitted to show that defendant had possession of a gun]; *People* v. *Findley* (1901) 132 Cal. 301, 306 [64 P. 472] [embezzlement—evidence of transactions between third parties].)

Each of the above-described types of evidence was introduced for a limited purpose. Each is of equal weight in its own context. In this class of evidence it cannot be said that one type of evidence, introduced for a limited purpose, is of greater weight than another. We reject the *Mayfield* holding that the trial court had a sua sponte duty to instruct the jury on the limited purpose for which a prior conviction could be used in light of the overwhelming authority to the contrary.

We hold the trial court did not commit error in failing to give CALJIC No. 2.23 sua sponte. The instruction need be given only upon request. (Evid. Code, § 355.) Evidence Code section 355 is one of the "general provisions" of that code which apply to evidence admissible under other provisions thereof. (See Evid. Code, div. 3.)

III\*

. . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante,* page 1273.

## DISPOSITION

Judgment affirmed.

Campbell, P. J., and McDaniel, J., concurred.