[No. E005605. Fourth Dist., Div. Two. Nov. 3, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR WYATT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts II, III and IV are not published; they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

COUNSEL

Robert M. Castle, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Patti W. Ranger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DABNEY, J.—Defendant Victor Wyatt was charged in an information with one felony count of possession of cocaine (Health & Saf. Code, § 11350, subd. (a).) A jury found him guilty as charged. He was sentenced to state prison for the aggravated term of three years.

Defendant contends on appeal that the trial court erred: (1) in failing to sua sponte instruct the jury that his inconsistent statement obtained in violation of his *Miranda*[1] rights could only be used to determine his credibility and not as substantive evidence of his guilt; (2) in instructing the jury in accordance with CALJIC Nos. 2.21, 2.13, and 2.71, which were cumulatively prejudicial; and (3) in using an improper circumstance to sentence him to the aggravated term of three years.

___

[1]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

STATEMENT OF FACTS

On December 26, 1987, at approximately 5:10 p.m., Deputy Sheriff Clifford C. Raynolds was patrolling an alley in Victorville. It was still light enough that he could see the area clearly without artificial lighting. As he entered the alley at a low rate of speed he saw the defendant walking towards him. The deputy saw defendant drop a rolled-up piece of paper on the ground. The deputy stopped the vehicle and recovered the paper, which turned out to be a napkin from a nearby convenience store. There were no other pieces of paper on the ground or any other people in the area. The deputy looked inside the napkin and examined its contents. From his experience in making arrests for narcotics transactions, the deputy determined that the napkin contained rock cocaine. A laboratory analysis confirmed the substance was cocaine. The deputy told defendant "Hey, stop." A brief pursuit followed, and the deputy arrested defendant. Raynolds asked defendant why he threw the napkin down. Defendant responded, "I did not think you could see me, I thought I was behind that pole." At trial it was stipulated that this statement was received in violation of *Miranda*.

*Defense.* Defendant testified that he was in the area to use the telephone and to buy some chewing gum from the Barrel House liquor store. He admitted having been in the alley and having seen the patrol car, but he denied having thrown down the paper containing the cocaine. He testified that he had discarded the wrapping from a package of chewing gum; and that the deputy discovered the packet containing the suspected contraband at a location other than where he had thrown the gum wrapper after, not before, he was stopped by the deputy. He denied that the cocaine was his. Defendant admitted that he had a prior felony conviction for commercial burglary in 1982.

On cross-examination defendant was asked if he made the inculpatory statement to the deputy. Defendant answered "No." His statement to Raynolds was admitted into evidence without objection in the People's rebuttal case.

DISCUSSION

I

██ *Instructional Error.* Defendant alleges the trial court erred by failing to sua sponte admonish and instruct the jury that prior inculpatory or inconsistent statements obtained in violation of *Miranda* may be admitted for the purpose of judging his credibility but not as evidence of his guilt. Defense counsel did not request a limiting instruction.

In *People* v. *Duncan* (1988) 204 Cal.App.3d 613 [251 Cal.Rptr. 355], the court held that if defendant elects to testify, and the prosecution thereafter introduces an inconsistent or inculpatory statement obtained in violation of *Miranda,* the federal rule announced in *Harris* v. *New York* (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643] controls. The *Duncan* court held that the *Harris* rule requires the trial court to sua sponte instruct the jury that the inculpatory statement may only be admitted for the purpose of determining the defendant's credibility and not as evidence of his guilt. (*Duncan, supra,* 204 Cal.App.3d at p. 621.) We respectfully disagree with that holding and decline to follow the *Duncan* decision.

This issue was addressed in *People* v. *Nudd* (1974) 12 Cal.3d 204, 209 [115 Cal.Rptr. 372, 524 P.2d 844], overruled on other grounds in *People* v. *Disbrow* (1976) 16 Cal.3d 101, 113 [127 Cal.Rptr. 360, 545 P.2d 272].[2] In *Nudd,* a prison inmate was charged with possession of narcotics. A prison correctional officer read the *Miranda* warning to the defendant, but the inmate did not waive those rights. The officer then elicited an incriminating statement "off the record." At his trial Nudd testified and the inculpatory statement was introduced to impeach him. No limiting instruction was requested by defense counsel. On appeal, the Supreme Court adopted the *Harris* rationale (*Nudd, supra,* 12 Cal.3d at p. 208), and held, "*[b]ut absent request by a party, there is no duty to give an instruction limiting the purpose for which evidence may be considered.* (See Evid. Code, § 355;[3] *People* v. *Cantrell* (1973) 8 Cal.3d 672, 683 [. . .]; *People* v. *Perry* [1972] 7 Cal.3d [756,] 787-788 [103 Cal.Rptr. 161, 499 P.2d 129]; *People* v. *White* (1958) 50 Cal.2d 428, 430 [. . .]; *People* v. *Simms* (1970) 10 Cal.App.3d 299, 310-311 [. . .]." (*Nudd, supra,* at p. 209, italics added.) Other decisions support this holding. (*People* v. *Duran* (1983) 140 Cal.App.3d 485, 493-494 [189 Cal.Rptr. 595]; *People* v. *Guy* (1980) 107 Cal.App.3d 593, 602 [165 Cal.Rptr. 463]; *People* v. *Graham* (1978) 83 Cal.App.3d 736, 742 [149 Cal.Rptr. 6]; and *People* v. *Soltero* (1978) 81 Cal.App.3d 423, 430 [146 Cal.Rptr. 457]; cf. *People* v. *Kendricks* (1989) 211 Cal.App.3d 1273, 1276-1278 [260 Cal.Rptr. 27].) We agree that a limiting instruction is not required when it has not been requested. We conclude that *Nudd* should be followed in this case.

---

[2] *People* v. *Disbrow, supra,* 16 Cal.3d 101, was abrogated by California Constitution, article I, section 28, subdivision (d) (Prop. 8). (*People* v. *May* (1988) 44 Cal.3d 309, 311 [243 Cal.Rptr. 369, 748 P.2d 307].)

[3] "When evidence is admissible as to one party or for one purpose and is inadmissible as to another party or for another purpose, the court upon request shall restrict the evidence to its proper scope and instruct the jury accordingly." (Evid. Code, § 355.)

## II-IV*

. . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

McDaniel, Acting P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 15, 1990.

---

*See footnote, *ante*, page 255.