995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny SANDERS, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 91-16198.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided May 26, 1993.
 
 Before: NORRIS, HALL, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Sanders appeals pro se the district court's denial of his motion for a writ of habeas corpus. Mr. Sanders contends that his constitutional rights were violated at trial for the following reasons: (1) the trial court did not give the jury a limiting instruction on the use of certain Miranda -violative statements disclosed by the prosecution during cross-examination; (2) he received ineffective assistance of counsel; (3) the trial court did not give the jury an involuntary manslaughter instruction; (4) members of the jury engaged in misconduct by considering extrinsic evidence; and (5) the prosecutor engaged in misconduct by theatrically reenacting the crime. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. This court has jurisdiction pursuant to 28 U.S.C. § 2253.
 
 BACKGROUND
 
 3
 On June 16, 1984, Mr. Sanders shot and killed Betty Ann Duke. He was arrested and charged with first degree murder. During his interrogation, Mr. Sanders made certain incriminating statements without properly waiving his Miranda rights. Following a hearing on December 13, 1984, the California trial judge ruled that these statements were inadmissable to prove Mr. Sanders' guilt.
 
 
 4
 At trial, Mr. Sanders did not dispute that he killed Ms. Duke. Instead, he contended that he was not guilty of first degree murder because he did not have the requisite mental state due to long-term substance abuse combined with massive drug and alcohol intake on the day of the shooting.
 
 
 5
 To support his defense, Mr. Sanders secured the testimony of Dr. Bruce Smith. Dr. Smith interviewed Mr. Sanders on two occasions and conducted a series of tests to determine whether Mr. Sanders suffered from a mental disorder. On direct examination he testified that Mr. Sanders had a brain impairment secondary to chronic substance abuse. Dr. Smith also indicated that if a person in Mr. Sanders condition ingested large quantities of drugs and alcohol, they might suffer memory lapse and deficient judgment.
 
 
 6
 On cross-examination the prosecution attempted to impeach Dr. Smith's conclusions by questioning him about the Miranda -violative statements that Mr. Sanders made to the police. Mr. Sanders counsel lodged numerous objections to this practice. However, the trial judge overruled these objections. Because Dr. Smith was given the statements prior to interviewing Mr. Sanders and because he relied on them in forming his opinion, the trial judge held that the prosecution's line of questioning was proper. No limiting instruction was given and none was requested.
 
 
 7
 The jury convicted Mr. Sanders of first degree murder (Cal. Penal Code § 187) and auto theft (Cal. Vehicle Code § 10851). He was sentenced to a term of imprisonment of 27 years to life. On direct appeal, the California Court of Appeal sustained Mr. Sanders' conviction and sentence. Mr. Sanders appealed to the California Supreme Court, which denied his petition for review.
 
 
 8
 His direct appeals exhausted, Mr. Sanders' sought habeas corpus relief in federal district court. Mr. Sanders' first federal habeas petition was dismissed without prejudice to allow him to exhaust his ineffective assistance of counsel claim in state court. Mr. Sanders promptly filed his first state habeas petition, which was denied by the California Supreme Court for failure to allege sufficient facts. Mr. Sanders then filed his second federal habeas petition. The district court also dismissed this petition without prejudice, reasoning that because the California Supreme Court never reached the merits of his ineffective assistance claim, it was not exhausted. Forced to return to state court, Mr. Sanders successfully exhausted his ineffective assistance claim when the California Supreme Court denied his second state habeas petition.
 
 
 9
 Mr. Sanders then filed his third, and most recent, federal habeas petition in district court. This petition contained two claims. First, Mr. Sanders argued that his due process rights were violated because the district court failed to give a limiting instruction sua sponte concerning the Miranda -violative statements. The district court refused to consider this claim, holding that the California Court of Appeal had imposed a procedural bar which precluded habeas corpus relief. Second, Mr. Sanders argued that he received ineffective assistance at trial. The district court found this claim meritless.
 
 STANDARD OF REVIEW
 
 10
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 DISCUSSION
 I. The Procedural Bar
 
 11
 Mr. Sanders argues that the district court erred in applying a procedural bar in this case. We agree.
 
 
 12
 The procedural bar precludes federal review of a state prisoner's claims in a habeas corpus proceeding. The Supreme Court has held that the procedural bar applies when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement. Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991); Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977).
 
 
 13
 The district court held that it was procedurally barred from considering Mr. Sanders' claim that his due process rights were violated by the trial court's failure to give a limiting instruction sua sponte. The district court determined that Mr. Sanders raised this claim on direct appeal and that the California Court of Appeal refused to entertain it on the ground that Mr. Sanders did not request the limiting instruction as required by California Evidence Code § 355. Because the state court declined to address Mr. Sanders' claim on procedural grounds, the district court concluded that it was precluded from granting relief in Mr. Sanders' habeas action.
 
 
 14
 We disagree with the district court. On direct appeal, Mr. Sanders never argued that his due process rights were violated because the trial court failed to give a limiting instruction sua sponte. Instead, he merely contended that he was entitled to a limiting instruction as a matter of state law. Accordingly, Mr. Sanders' due process challenge cannot be procedurally barred because he never raised it before the state court.
 
 
 15
 We reject the suggestion that the claim raised by Mr. Sanders on direct appeal is effectively the same as the constitutional issue presented in his federal habeas petition. This circuit has held that "[a] claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). Applying this rule, we conclude that Mr. Sanders' constitutional claim was not fairly presented to the California courts. Indeed, the claim raised on direct appeal was based on a completely different legal theory. It relied on California case law rather than the Fifth and Fourteenth Amendments for the proposition that the trial court was required to give a limiting instruction sua sponte.
 
 
 16
 Thus, we conclude that the district court erred in conflating the claims raised by Mr. Sanders on direct appeal and in his federal habeas petition and in applying a procedural bar in this case. However, we are not in a position to grant Mr. Sanders' habeas petition. Because he has not raised his constitutional claim before the state courts, the exhaustion doctrine, and the underlying principles of comity and federalism, require this court to give the state the first opportunity to review the constitutionality of its procedural rule. See Rose v. Lundy, 455 U.S. 509, 515-516 (1982). Consequently, we remand to the district court with instructions to allow Mr. Sanders to raise his constitutional claim in state court.
 
 
 17
 We recognize that we have the authority to determine whether an unexhausted claim would be procedurally barred under state law and to dismiss the claim accordingly. Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991); Harris v. Reed, 489 U.S. 255, 269 (1989) (O'Connor, J., concurring). However, we decline to exercise this authority here. Under California law, the general rule is that habeas corpus cannot serve as a substitute for an appeal and that the writ will not be granted where the claimed errors could have been, but were not, raised on direct appeal from a judgment of conviction. In re Dixon, 41 Cal.2d 756, 759, 264 P.2d 513, 514 (1953). However, as the California Supreme Court stated in In re Wallace, 90 Cal.Rptr. 176, 178 (1970), the requirement of exhaustion of appellate remedies is merely a discretionary policy. "When special circumstances are shown, compliance with this 'requirement' may be excused and the petition may be considered on its merits." Id. Significantly, a constitutional question of extraordinary importance has been held to qualify as a "special circumstance." In re Young, 107 Cal.Rptr. 915, 916 (Cal.App.1973). Because Mr. Sanders' claim is of constitutional significance, the California Supreme Court may overlook the fact that he did not raise this claim on direct appeal. Rather than speculate as to whether the California Supreme Court would consider the merits of Mr. Sanders' unexhausted claim or find it procedurally defaulted, we believe that the California Supreme Court should make this determination itself.[1]
 
 
 18
 Finally, in his state petition, Mr. Sanders should also consider citing the California Court of Appeal's decision in People v. Stelling, 278 Cal.Rptr. 30 (Cal.App.1991). In Stelling, certain Miranda -violative statements were introduced to impeach the defendant on cross-examination. No limiting instruction was given and none was requested. However, the trial court did give California Jury Instruction Code ("CALJIC") No. 2.03, which effectively allowed the jury to consider the statements as proof of consciousness of guilt. The appeals court held that the lack of a limiting instruction, combined with CALJIC No. 2.03, was error. Id. at 34-35.
 
 
 19
 In the instant case, the trial court also gave CALJIC No. 2.03. Because the Miranda -violative statements were admitted without a limiting instruction, Stelling may offer Mr. Sanders a basis for relief in state court. It is possible that Mr. Sanders' case is distinguishable because the Miranda -violative statements were not introduced to impeach his testimony, but were introduced to impeach an expert's opinion instead. In addition, Mr. Sanders will not be entitled to relief if the state can establish that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 23-24 (1967). Nonetheless, because these hurdles can conceivably be overcome, Mr. Sanders should make certain to bring Stelling to the attention of the state court.
 
 II. Additional Claims
 
 20
 In addition to arguing that the trial court erred in not giving the jury a limiting instruction sua sponte on the use of the Miranda -violative statements, Mr. Sanders raises four additional claims in his most recent federal habeas petition. First, he argues he received ineffective assistance of counsel. Second, he contends that the trial court erred by not giving the jury an involuntary manslaughter instruction. Third, he claims that some of the jurors engaged in misconduct by reading newspaper articles about the case. Finally, Mr. Sanders argues that the prosecutor acted improperly when he graphically reenacted the killing by firing an imaginary rifle and shouting "Boom" four times.
 
 
 21
 It is well established that a federal court may not entertain the merits of a habeas petition that contains any unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). Because Mr. Sanders' constitutional claim concerning the trial court's failure to give a limiting instruction was not presented to the California courts, we cannot reach the merits of his four remaining claims. Thus, we remand to the district court with instructions to either dismiss Mr. Sanders' habeas petition without prejudice or to hold his petition in abeyance pursuant to Local Rule 26.8.7(e) so that he can exhaust his state remedies.[2]
 
 
 22
 REVERSED and REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 If the California Supreme Court reaches the merits of Mr. Sanders' claim, it will be left with the task of determining whether Harris v. New York, 401 U.S. 222 (1971), requires a court to give a limiting instruction sua sponte when Miranda -violative statements are used for impeachment. There is some authority to support this interpretation of Harris, including two cases cited by Mr. Sanders: Hinman v. McCarthy, 676 F.2d 343 (9th Cir.), cert. denied, 459 U.S. 1048 (1982) and Duran v. A.A. Stagner, 620 F.Supp. 803 (N.D.Cal.1985)
 
 
 [2]
 Local Rule 26.8.7(e) provides:
 If the Court determines that there are unexhausted claims for which a state court remedy is still available, petitioner will be granted a sixty-day (60-day) stay of execution in which to seek further stay from the state court in order to litigate the unexhausted claims in state court. During the proceedings in state court, the proceedings on the petition[ ] will be stayed. After the state court proceedings have been completed, petitioner may amend the petition with respect to the newly exhausted claims.
 The Ninth Circuit approved of this procedure in Neushafer v. Whitley, 860 F.2d 1470 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989), observing that "[w]hen a petitioner has not exhausted his state remedies before filing a federal habeas petition, a district court may hold the federal petition in abeyance, issue a stay of execution, and allow the petitioner an opportunity to exhaust his state remedies." Id. at 1472 n. 1.