[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1086 
OPINION
Adolfo J. Torrez appeals from a judgment of conviction of two counts of driving while under the influence of alcohol (Veh. Code, § 23152, subds. (a), (b)), and one count of driving while his license was suspended for a prior conviction of driving under the influence (Veh. Code, § 14601.2, subd. (a)). The first two counts were felonies *Page 1087 
because appellant had incurred three prior convictions. (Veh. Code, § 23175.) He contends that: 1) the trial court committed reversible error by allowing the jury to use appellant's postarrest statements to the police as evidence of his guilt; 2) his defense counsel was ineffective in failing to challenge the relevance of his admission to a prosecution witness; and 3) he was denied a fair trial and due process by the trial court's instructing the jury with CALJIC No. 2.01. There is no reversible error, and we affirm the judgment.
 FACTS
Gloria Lopez heard a loud noise while she was in her brother-in-law's front yard near the corner of Second Street and Garfield in Oxnard, California. She saw a large reddish car with severe damage in front. The car stopped 10 feet away from Ms. Lopez at the corner stop sign and stalled for about 5 to 10 minutes. The driver, whom she identified as appellant, was alone in the car. Appellant attempted to restart the vehicle but failed. He got out and staggered around the car. Between the time the car drove past Ms. Lopez and the time the police arrived, Ms. Lopez saw no other person in or around the car.
When Officer Cox arrived at the scene, he found appellant standing in the street on the driver's side of the vehicle. Officer Eglin had received a call concerning a traffic accident in the area of Second and Garfield. When he arrived at that location, he saw a red Buick with major front end damage. Appellant and Officer Cox were standing by the car when Eglin arrived. Appellant identified the car as his, and appeared to be highly intoxicated. He also stated that there was nothing mechanically wrong with the car.
Ms. Lopez told Officer Eglin that appellant was the driver of the car stalled at the stop sign and told him what had occurred. When she was taken to the car by Officer Eglin to identify the driver, appellant turned to Ms. Lopez and said in Spanish, "`I swerved so that I wouldn't hit the little girl.'" The officer gave appellant field sobriety tests and arrested him.
At trial it was stipulated that when arrested, appellant's blood-alcohol level obtained from breath tests was .33 and .32 percent. It was also stipulated that during his contact with Officers Cox and Eglin, appellant was under the influence of, and impaired by, alcohol.
Appellant testified that he was drinking beer on the day of his arrest at a local bar and arrived at the bar with Blas Serrano. When they later left the bar to go to a park to watch soccer, Mr. Serrano drove. Appellant said he felt *Page 1088 
a crash and it felt as though the car had flat tires. The car stopped a short time later and Mr. Serrano gave appellant the car keys and said, "`Let's go.'" The two got out of the car and Mr. Serrano left. Appellant examined the damage to the car and started to walk away to get a tow truck when an officer arrived and asked for his identification. The officer arrested him on an outstanding warrant.
Luis Perez Gutierrez testified that he was with appellant at the bar and had known appellant since 1979. When they decided to go to Park del Sol to watch some soccer, Mr. Gutierrez saw appellant get into a car driven by Blas Serrano. Appellant and Serrano never made it to the park. Appellant said he never saw Ms. Lopez, and never stated to her that he swerved to avoid a little girl. Appellant also testified that he never spoke with police officers upon his arrest, and never told them that he was driving the car or that someone else had crashed his car.
In rebuttal, Officer Eglin testified that he interviewed appellant after appellant was arrested and that appellant admitted he was driving the car. Appellant did not mention Mr. Serrano's name, and never told the officer that someone else had been driving the car.
 DISCUSSION
1. No Reversible Error From Failure to Give Limiting Instructionon Proper Use of Postarrest Statements. (1) Appellant asserts that the trial court committed reversible error by failing to instruct the jury that appellant's postarrest statements to the police, which the court had found were taken in violation of Miranda v. Arizona (1966)384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], could be used only for the purpose of evaluating his credibility. The court instructed the jury that prior inconsistent statements could be used as substantive evidence of guilt. (CALJIC No. 2.13 (5th ed. 1988).) Appellant asserts that the court should have either excluded the statements, not given CALJIC No. 2.13, or given a limiting instruction.
In Harris v. New York (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643], the United States Supreme Court held that a defendant's statements, taken in violation of Miranda, could be used to impeach the defendant's credibility even though they are not admissible in the prosecutor's case-in-chief so long as they were trustworthy. In Harris, the trial judge instructed the jury that the statements attributed to the defendant could be considered only in passing on the defendant's credibility and not as evidence of guilt. (Id., at p. 223 [28 L.Ed.2d at p. 3].) *Page 1089 
In People v. Nudd (1974) 12 Cal.3d 204, 209 [115 Cal.Rptr. 372,524 P.2d 844], the California Supreme Court adopted the ruling of Harris, but diverged from Harris's rule by holding that when a statement is admissible under Harris to impeach a defendant's credibility, absent a request by a party, the court has no duty to give an instruction limiting the purpose for which evidence may be considered. Nudd was overruled in People v.Disbrow (1976) 16 Cal.3d 101, 113 [127 Cal.Rptr. 360,545 P.2d 272], on a different issue, i.e., whether Harris was persuasive authority in California. (See People v. Housley (1992)6 Cal.App.4th 947, 957 [8 Cal.Rptr.2d 431].) Disbrow did not discuss the use of limiting instructions since it held that the privilege against self-incrimination of article I, section 15, of the California Constitution precluded the use of any
extrajudicial statement by the defendant, inculpatory or exculpatory, either as affirmative evidence or for purposes of impeachment, where the statements were obtained in violation ofMiranda. (16 Cal.3d 101, 113.)
In 1988, the California Supreme Court held, in People v.May (1988) 44 Cal.3d 309 [243 Cal.Rptr. 369, 748 P.2d 307], that Disbrow had been abrogated by Proposition 8, and its "Truth-in-Evidence" component. (Cal. Const., art. I, § 28, subd. (d).) Since May, appellate courts have differed in whether trial courts must give a limiting instruction, sua sponte, on the use of a defendant's prior inculpatory or inconsistent statements obtained in violation of Miranda. People v. Duncan (1988)204 Cal.App.3d 613, 620-621 [251 Cal.Rptr. 355], held that the federal rule requires that where such statements are admitted, the trial judge must admonish and thereafter instruct the jury that such statements may only be used in passing upon the defendant's credibility and not as evidence of his guilt, citing to Richardson v. Marsh (1987) 481 U.S. 200 [95 L.Ed.2d 176, 107 S.Ct. 1702].
In reaching its conclusion, Duncan relied upon a dissent by Justice Marshall in New York v. Quarles (1984) 467 U.S. 649, 683-684, footnote 6 [81 L.Ed.2d 550, 574-576, 104 S.Ct. 2626], that Harris permitted admissions to be introduced to impeach the defendant because the jury had been instructed in Harris to consider the statements only in passing upon credibility and not as evidence of guilt. (204 Cal.App.3d 613, 619.) Duncan also relied upon two federal cases in the Ninth Circuit which interpret Harris to require a limiting instruction. (SeeHinman v. McCarthy (9th Cir. 1982) 676 F.2d 343, 349; Duran
v. Stagner (D.C.Cal. 1985) 620 F. Supp. 803, 805.) Consequently, the Duncan court concluded that the federal rule controls underIn re Lance W. (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631,694 P.2d 744] and May, and that in such instances the trial court must sua sponte give the limiting instruction. (204 Cal.App.3d 613, 621.)
In People v. Wyatt (1989) 215 Cal.App.3d 255, 258 [263 Cal.Rptr. 556], the appellate court disagreed with the holding ofDuncan. The court noted *Page 1090 
that the issue had been already decided in People v. Nudd,supra, 12 Cal.3d 204, 209, "overruled on other grounds inPeople v. Disbrow [supra] 16 Cal.3d 101, 113 [fn. omitted]," and that absent a request from a party, no limiting instruction was necessary. (215 Cal.App.3d 255, 258.) Wyatt concluded thatNudd should be followed. (Ibid.)
People v. Baker (1990) 220 Cal.App.3d 574, 579 [269 Cal.Rptr. 475], following Wyatt, when faced with whether a sua sponte limiting instruction was necessary for statements in violation of Miranda which are used to impeach a defendant, held that ". . . the California Supreme Court's statement inNudd governs our decision on this issue."
We are persuaded by Wyatt and Baker that Nudd was not overruled on this issue in Disbrow and that we are bound by the California Supreme Court's statement in Nudd that, absent a request for a limiting instruction, the trial court has no sua sponte duty to give one. (Auto Equity Sales, Inc. v. SuperiorCourt (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321,369 P.2d 937].) No recent decision other than Duncan has considered whether Nudd's holding on this issue is still in line with federal law.
Richardson v. Marsh, supra, 481 U.S. 200, 206-207 [95 L.Ed.2d 176, 185], in discussing whether a nontestifying codefendant's confession, redacted to omit any reference to defendant, violates defendant's Sixth Amendment confrontation rights, stated that the assumption that jurors follow their instructions has been applied in many varying contexts: "For example, in Harris v. New York, 401 U.S. 222 (1971), we held that statements elicited from a defendant in violation ofMiranda v. Arizona, 384 U.S. 436 (1966), can be introduced to impeach that defendant's credibility, even though they are inadmissible as evidence of his guilt, so long as the jury is instructed accordingly. Similarly, in Spencer v. Texas,385 U.S. 554 (1967), we held that evidence of the defendant's prior criminal convictions could be introduced for the purpose of sentence enhancement, so long as the jury was instructed it could not be used for purposes of determining guilt."
If Richardson means that the court has a sua sponte duty to instruct on the limited purpose of the use of postarrest statements violative of Miranda and of prior convictions, then California cases are out of step with federal law. (ComparePeople v. Duncan, supra, 204 Cal.App.3d 613, with People v.Wyatt, supra, 215 Cal.App.3d 255, and People v. Baker,supra, 220 Cal.App.3d 574, regarding statements violative ofMiranda, and with People v. Kendrick (1989) 211 Cal.App.3d 1273
[260 Cal.Rptr. 27] regarding duty to give a limiting instruction on use of prior felony convictions and its effect on the credibility of a witness.) "In the wake of Proposition 8, however, *Page 1091 
California courts apply federal standards to Miranda-related issues of both substance . . . and procedure. . . ." (People v.Montano (1991) 226 Cal.App.3d 914, 930 [277 Cal.Rptr. 327]; see also People v. May, supra, 44 Cal.3d 309, 313.) Consequently, even though we are bound by Nudd as the California Supreme Court's last word, it may be time for the California Supreme Court to revisit this issue.
Appellant asserts that the trial court has a sua sponte duty to give instructions that correctly state the law. (People v.Cummings (1993) 4 Cal.4th 1233, 1337 [18 Cal.Rptr.2d 796,850 P.2d 1].) However, unless and until Nudd is disapproved on this issue, the trial court here did instruct correctly.
(2) Appellant also contends he was prejudiced by the trial court's instructing the jury pursuant to CALJIC No. 2.13 that the jury could consider a prior inconsistent statement as evidence of the truth of the facts stated on the former occasion. Appellant claims that this instruction improperly impeached Mr. Gutierrez's testimony by the jury's being able to use appellant's prior inconsistent statements as substantive evidence of what occurred. However, as stated supra, Mr. Gutierrez's statements did not directly contradict Ms. Lopez's statements since Mr. Gutierrez was not present when the car stopped. As respondent notes, Mr. Gutierrez's credibility was already challenged by his close friendship with appellant for 15 years and the fact that the only disinterested eyewitness testified she clearly saw appellant driving the car. Thus, even if the court erred on this point by giving CALJIC No. 2.13, the error was harmless under eitherChapman v. California (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065], or People v. Watson (1956)46 Cal.2d 818, 836 [299 P.2d 243].
2. Defense Counsel Not Ineffective for Failing to ChallengeAdmission on Relevancy Grounds.
Defense counsel challenged under Evidence Code section 352 Ms. Lopez's statement that appellant told her he swerved to avoid hitting a little girl. He conceded that the statement was probative but argued that it was unduly prejudicial, especially due to the late disclosure of the statement at trial. (3a)
Appellant now asserts that his counsel erroneously conceded the relevancy of this statement and also failed to raise the effect of his intoxication on the reliability of the statement.
A defense counsel is not required to make futile motions or to indulge in idle acts to appear competent. (People v. Turner
(1992) 7 Cal.App.4th 1214, 1219 [10 Cal.Rptr.2d 358]; In reLower (1979) 100 Cal.App.3d 144, 149 *Page 1092 
[161 Cal.Rptr. 24]; People v. Zikorus (1983) 150 Cal.App.3d 324, 335 [197 Cal.Rptr. 509].) Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence. . . ." (Evid. Code, § 210) (4)
Relevant evidence under Evidence Code section 210 "comprehends both the probative value of evidence and its relationship to a matter which is provable in the action." (People v. Hill
(1992) 3 Cal.App.4th 16, 29 [4 Cal.Rptr.2d 258].) The relationship of evidence to a provable matter is a question of materiality. (Ibid.) Evidence that does not relate to a matter in issue is immaterial. (Ibid.)
(3b) Appellant's admission to Ms. Lopez that he swerved to avoid hitting a little girl could hardly have been more probative to the disputed issue of whether he was driving the car. The possibility appellant's intoxication caused him to make a statement that upon sober reflection he might not have made does not affect its probity. Whether the statement was reliable in the sense of being credible goes to its weight and not its relevance. (See Crane v. Kentucky (1986) 476 U.S. 683, 688 [90 L.Ed.2d 636, 643-644, 106 S.Ct. 2142].) Similarly, the hypothesis appellant raises that his intoxication may have caused delusions that he was driving or swerved to avoid hitting the girl are matters that go to the weight of the evidence rather than its admissibility as relevant evidence. Appellant cannot show that any failure on the part of his defense counsel to object to the statement on grounds of relevancy was prejudicial or that a different outcome would have occurred. (See People v. Ledesma
(1987) 43 Cal.3d 171, 217-218 [233 Cal.Rptr. 404, 729 P.2d 839];Strickland v. Washington (1984) 466 U.S. 668, 687, 692 [80 L.Ed.2d 674, 696, 104 S.Ct. 2052].)
3. CALJIC No. 2.01 Did Not Deny Appellant a Fair Trial or DueProcess. (5) Appellant asserts that language in CALJIC No. 2.01 undermines the constitutional requirement that an accused may be convicted only if guilt is proven beyond a reasonable doubt.[1]
He asserts that this instruction allows a conviction if a chain of circumstantial evidence pointing to guilt only appears to be reasonable, whether or not a chain of evidence that appears to be reasonable is also sufficient to prove guilt beyond a reasonable doubt.
Appellant acknowledges that the California Supreme Court has upheld the use of CALJIC No. 2.01 in the face of similar challenges. (See People v. *Page 1093 Noguera (1992) 4 Cal.4th 599, 634 [15 Cal.Rptr.2d 400,842 P.2d 1160]; People v. Wilson (1992) 3 Cal.4th 926, 943 [13 Cal.Rptr.2d 259, 838 P.2d 1212].) Nonetheless, appellant argues that because the Supreme Court upheld CALJIC No. 2.01 because the jury is adequately instructed not to convict except upon proof beyond a reasonable doubt, using the language of CALJIC No. 2.90, recent constitutional challenges to CALJIC No. 2.90 cast doubt on the correctness of these holdings.
The propriety of CALJIC No. 2.90 was recently upheld inVictor v. Nebraska (1994) 511 U.S. ___ [127 L.Ed.2d 583, 114 S.Ct. 1239]. Consequently, CALJIC No. 2.90 is still a correct interpretation of reasonable doubt. The California Supreme Court's rejection of appellant's argument is not open to question due to its reliance on CALJIC No. 2.90, and is binding on this court. (Auto Equity Sales, Inc. v. Superior Court, supra,57 Cal.2d 450, 455.)
The judgment is affirmed.
Gilbert, J., and Yegan, J., concurred.
A petition for a rehearing was denied February 8, 1995, and appellant's petition for review by the Supreme Court was denied May 11, 1995.
[1] CALJIC No. 2.01 provides, in pertinent part: "Also, if the circumstantial evidence [as to any particular count] is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to [his] innocence, you must adopt that interpretation which points to the defendant's innocence, and reject that interpretation which points to [his] guilt. [¶] If, on the other hand, one interpretation of such evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable." (Italics added.) *Page 1094