Filed 5/1/26  P. v. Arteaga CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL LEE ARTEAGA,<br><br>    Defendant and Appellant. | D087441<br><br><br>(Super. Ct. No. CR60998) |

APPEAL from an order of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Randall D. Einhorn and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.


Defendant Michael Lee Arteaga filed a motion to initiate a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve youth-

related mitigation evidence to use at a future youth offender parole hearing. The trial court denied the motion finding Arteaga was statutorily ineligible for relief under *Franklin* based on his sentences of life without the possibility of parole (LWOP) and his age at the time of the crimes. Arteaga appeals, contending he was deprived of due process. We affirm the denial of the motion.

FACTUAL AND PROCEDURAL BACKGROUND

At age 18, Arteaga committed, and later pled guilty to, two first degree murders with special circumstances (Pen. Code,[1] §§ 187, 190.2, subd. (a)(3)) and premeditated attempted murder. (§§ 664, 187.) For the murders, he was sentenced to concurrent terms of LWOP. Over two decades after his conviction, Arteaga filed a motion to initiate an evidence preservation proceeding for a potential future parole hearing under *Franklin* and section 1203.01. He also requested appointment of counsel. Arteaga acknowledged existing precedent held LWOP defendants ages 18 to 25 were excluded from youth offender parole consideration under section 3051, but he wished to "preserve [his] claim for further review" and argued the exclusion violated his constitutional rights. The trial court granted Arteaga's request for a *Franklin* proceeding and appointed counsel. Arteaga later filed a letter with the court, alleging a lack of communication from appointed counsel and stating he was unaware his case had been continued. On the day of the hearing, Arteaga's attorney filed a written request to be relieved as counsel and moved to have the *Franklin* motion taken off calendar, stating that Arteaga was not eligible for a *Franklin* hearing pursuant to section 3051, subdivision (b)(4) and *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).

---

[1] Undesignated statutory references are to the Penal Code.

2

Arteaga was not present at the hearing. The court determined Arteaga was statutorily ineligible for relief and denied his motion.

DISCUSSION

Arteaga contends he was deprived of due process when the court conducted a hearing in his absence and denied his motion for a *Franklin* proceeding. He also argues counsel was ineffective by failing to communicate and moving to dismiss his *Franklin* motion. He claims *Hardin* did not conclusively foreclose his ability to obtain future youth offender relief, and the court had discretion to hold an evidence preservation hearing under section 1203.01. We review the trial court's order denying a defendant's *Franklin* motion under the abuse of discretion standard. (See *In re Cook* (2019) 7 Cal.5th 439, 459 (*Cook*).) We independently review due process claims. (*Roth v. Jelley* (2020) 45 Cal.App.5th 655, 666 (*Roth*).)

A. Youthful Offender Parole Hearing

Section 3051 affords a youthful offender parole hearing to an offender who was either a juvenile or a young adult between the ages of 18 and 25 at the time he or she committed a controlling offense. (§ 3051; *County of San Diego v. Commission on State Mandates* (2023) 91 Cal.App.5th 625, 634.) The statute requires a parole hearing during the 15th, 20th, or 25th year of incarceration. (§ 3051, subd. (b); *County of San Diego, supra*, at p. 635.) Relevant here, section 3051 specifically excludes relief for offenders serving sentences of LWOP for crimes committed after reaching age 18. (§ 3051, subd. (h); *Hardin, supra*, 15 Cal.5th at p. 843.) But those who are eligible for a future youth offender parole hearing under section 3051 are entitled to make a record of mitigating evidence tied to their youth to preserve it for use at such a future parole hearing. (*Franklin, supra*, 63 Cal.4th at pp. 283-284, 286.) To do so, offenders with final convictions may request a *Franklin*

3

proceeding by filing a motion in superior court under the authority of section 1203.01. (*Cook, supra*, 7 Cal.5th at p. 451.) A *Franklin* proceeding gives "an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' . . . ." (*Franklin, supra*, at p. 284.)

We conclude the court did not abuse its discretion in denying Arteaga's motion for a *Franklin* hearing. While the court had authority to hold such a hearing under section 1203.01, there was no reason for it to do so. A *Franklin* hearing exists solely to preserve evidence for a future youth offender parole hearing. (*Cook, supra*, 7 Cal.5th at pp. 451-455.) Arteaga, having committed his crime at age 18 and sentenced to LWOP, is unambiguously excluded from section 3051 relief and thus ineligible for a youth offender parole hearing. (§ 3051, subd. (h).) Indeed, in a motion for a *Franklin* hearing, an inmate is required to establish entitlement to a youthful parole hearing, however, Arteaga was unable to do so because he is ineligible as a matter of law. (See *Cook, supra*, at p. 458.) Absent eligibility for a future youthful parole hearing, preserving the record for one would be futile. The trial court properly denied Arteaga's motion.

We are unpersuaded by Arteaga's argument that he was entitled to a hearing under section 1203.01 to preserve evidence for a future equal protection challenge. In *Hardin*, the Supreme Court considered whether section 3051's exclusion of young adult offenders sentenced to life without parole violates the Fourteenth Amendment's equal protection guarantee. (*Hardin, supra*, 15 Cal.5th at pp. 838-839.) Defendant Hardin specifically

4

challenged the life without parole exclusion as it applied to young adult offenders convicted of first degree special circumstance murder. (*Id.* at p. 847.) The court's analysis was therefore largely concerned with whether the Legislature had a rational basis to distinguish between young adults convicted of first degree murder with and without special circumstances. (See *id.* at pp. 859-863.) The court found there was a rational basis for the exclusion. (*Id.* at p. 840.) Similarly, like defendant Hardin, Arteaga was over 18 years old at the time he committed first degree murder with special circumstances and received an LWOP sentence and, thus, was ineligible for a future youth parole hearing. While *Hardin* does not preclude future as-applied equal protection challenges to section 3051, Arteaga does not meaningfully distinguish his case from the facts and circumstances in *Hardin*. Thus, he has not demonstrated a viable equal protection challenge that would justify an evidence preservation hearing under section 1203.01

We also reject Arteaga's claim that he was entitled to an evidence preservation hearing under section 1203.01 in anticipation of potential future challenges to the Eighth Amendment's prohibition on cruel and unusual punishment. Speculation that Arteaga may someday have an age-based cruel and unusual punishment claim based on a future change in law is insufficient to justify a *Franklin* proceeding. (See *People v. Ngo* (2023) 89 Cal.App.5th 116.) Due process does not require courts to conduct evidentiary hearings based on hypothetical future legal changes. (*Mathews v. Eldridge* (1976) 424 U.S. 319, 335.) The likelihood that Arteaga will ever need to present mitigating evidence at a parole hearing is "insufficient to justify forcing the court, counsel, and witnesses to expend scarce resources to preserve evidence for a hearing that probably will never happen." (*People v. Ngo, supra*, at p. 129.)

5

B.  Ineffective Assistance of Counsel

Arteaga argues appointed counsel was ineffective by moving to dismiss his motion for a *Franklin* hearing.  To prevail on an ineffective assistance of counsel claim, a defendant must establish (1) that his counsel's performance fell below an objective standard of reasonableness, i.e., that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that, but for counsel's error, a different result would have been reasonably probable, thus resulting in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)  To be effective, counsel is not required to make futile motions or to leave an exhaustive paper trail. (See *People v. Montoya* (2007) 149 Cal.App.4th. 1139, 1147-1148 (*Montoya*); *People v. Torrez* (1995) 31 Cal.App.4th 1084, 1091-1092.)  Rather, competent counsel must exercise his or her best professional judgment and pursue an avenue of defense that seems appropriate after having examined the case, its evidence, and its issues.  (*Montoya, supra*, at pp. 1147-1148.)

Further, " ' "[i]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *People v. Cash* (2002) 28 Cal.4th 703, 734 [" ' " 'record must affirmatively disclose the lack of a rational tactical purpose for challenged act or omission' " ' "].)  "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding."  (*Mendoza Tello, supra*, at pp. 266-267.)

Here, Arteaga cannot demonstrate deficient performance because counsel's concession that Arteaga was ineligible for a *Franklin* proceeding

6

reflected accurate law under *Hardin* and section 3051, subdivision (h). Nor was counsel deficient by not presenting the same constitutional arguments already addressed and rejected in *Hardin*. An attorney does not provide deficient performance by refusing to make futile arguments. (See *Montoya, supra*, 149 Cal.App.4th at pp.1147-1148.) Without deficient performance, Arteaga cannot establish prejudice under *Strickland*.

Further, we discern no deficient performance resulting from any alleged failure of Arteaga's counsel to communicate with him. Even if Arteaga were able to show little communication occurred with his attorney, he has not identified any deficiency in representation resulting from any lack of communication. To secure a reversal, Arteaga must establish that the lack of communication caused representation to be wrongfully incomplete. (*Strickland, supra*, 466 U.S. at p. 697.) Arteaga has not demonstrated constitutionally inadequate communication or prejudice.

Finally, we conclude Arteaga's absence from proceedings did not deprive him of due process. The due process right to be present arises at "critical stages" in the proceedings. (*People v. Carasi* (2008) 44 Cal.4th 1263, 1299.) A defendant, however, has no constitutional or statutory right to be present to address a purely legal question–even if it is critical to the outcome of the case–because his presence would not contribute to the fairness of proceeding. (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109; *People v. Rogers* (2006) 39 Cal.4th 826, 855-856.) Here, the court did not litigate facts, take testimony, or assess credibility. Rather, the court addressed a purely legal issue to determine whether an individual who committed a crime after turning 18 and sentenced to LWOP was eligible for a *Franklin* hearing. Thus, Arteaga's presence was not required to make a legal conclusion based

7

on these undisputed facts.  Under independent review, we conclude Arteaga was not deprived of due process.  (See *Roth, supra*, 45 Cal.App.5th at p. 666.)

DISPOSITION

The order is affirmed.

HUFFMAN, J.*

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.