Filed 5/16/16  P. v. Miranda CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIO JESUS SEGURA MIRANDA,<br><br>    Defendant and Appellant. | G052636<br><br>(Super. Ct. No. 15CF1017)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

We appointed counsel to represent defendant Mario Jesus Segura Miranda on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

At trial, the owner of a truck testified he parked his Nissan truck in his driveway in Tustin on April 28, 2015 at about 9:00 p.m., and it was gone the next morning. A sergeant with the Santa Ana Police Department, while on patrol on May 12, 2015, observed defendant commit a traffic violation while driving a Nissan truck. Dispatch informed the sergeant the truck had been reported stolen. When the sergeant questioned defendant, defendant explained he had owned the truck for a month and a half and had purchased it from someone named Alex, yet he had no paperwork regarding ownership or insurance. The truck was missing a steering column, which is the plastic molding that protects wiring. The truck's ignition switch was loose and easily manipulated, such as with a screwdriver. The key in the ignition switch did not have a Nissan logo or name on it and was very loose inside the ignition switch. The owner of the truck was called to the scene and identified it as his, the one stolen from his driveway.

Defendant testified he purchased the truck from a man named Alex on April 21 or 22. He added that "when I was transported this morning to come to court, we drove in front of his house. We drove by his house. Civic Center and Mentor." On cross-examination, defendant admitted that 18 days prior to the Nissan truck being reported stolen, he pled guilty to a theft charge. He also admitted he knew his driver's license was suspended at the time. When the prosecutor asked defendant whether he thought it was odd that paint cans were in the back of truck when he purchased it from Alex, defendant responded, "When he sold it to me, he just said, 'I don't need them.'"

Defendant admitted he had noticed the steering column was exposed and the key did not come from the factory.

We note the court did not instruct the jury with CALCRIM No. 316 regarding evidence of a previous conviction of a crime. However, we see no indication in the record that the instruction was requested, and there is no sua sponte duty to give it absent a request. (*People v. Kendrick* (1989) 211 Cal.App.3d 1273, 1278.)

A jury convicted defendant of the unlawful taking of a vehicle, a felony and driving on a suspended/revoked license, a misdemeanor. Imposition of sentence was suspended, and the court placed defendant on formal probation, one of the terms of which was serving 365 days in jail.

We have examined the record and found no arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) We find ourselves in agreement with appellate counsel that there are no appellate issues with a reasonable prospect of success with respect to defendant's guilt or the judgment imposed upon him.

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.