Filed 6/28/22 P. v. Stoecker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROLAND FRIEDRICH STOECKER,<br><br>    Defendant and Appellant. | F081459<br><br>(Fresno Super. Ct. No. CF01662794)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Cavan M. Cox II, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Levy, J. and Poochigian, J.

## INTRODUCTION

Appellant and defendant Roland Friedrich Stoecker pleaded guilty to eight counts and was sentenced to 27 years four months in prison. He filed a petition pursuant to Proposition 47 and his sentenced was reduced by 16 months. In this appeal, he contends his defense counsel was prejudicially ineffective for failing to move the court to dismiss the one-year term imposed for the prior prison term enhancement. We decline to find counsel was ineffective but remand for further appropriate proceedings, pursuant to the agreement of the parties, as to the validity of the prior prison term enhancement based on a recently enacted statute.

## FACTS[1]

On August 14, 2001, defendant broke into an apartment and was ransacking the interior when the resident returned home. Defendant, whose face was covered, repeatedly punched the victim's head and face, dragged her into the bedroom, tied her to the bed, and gagged her; he said he was sorry for what he was doing. He took several items from the residence, loaded them into the victim's vehicle, and drove away in the victim's vehicle. The victim managed to partially free herself and called 911. When the police arrived, she was bleeding from the back and side of her head and her eye was swollen. She was admitted to the hospital and had blurred vision, multiple soft tissue injuries, blood loss, and mild anemia.

The victim's vehicle was found the following day and had been set on fire. A few days later, the police received a tip that defendant was a possible suspect. Defendant was located and taken into custody on a parole violation. The victim's property was found inside defendant's car. Defendant was also in possession of marijuana and

---

[1] At defendant's plea hearing, the parties stipulated to a factual basis for his pleas based on the preliminary hearing transcript and the police reports. The preliminary hearing transcript is not part of the instant appellate record. In their appellate briefs, the parties have cited to the police reports, as summarized in the probation report, for the facts in this case, and we shall do the same.

methamphetamine. Defendant admitted he committed the burglary, claimed he did not mean to do it and did not want to hurt the victim. He asked how long he would get.

## PROCEDURAL BACKGROUND

On October 17, 2001, an information was filed in the Superior Court of Fresno County case No. F662794-7 charging defendant count 1, first degree residential robbery (Pen. Code, § 211);[2] count 2, first degree burglary with a nonparticipant present (§ 459); count 3, assault by means likely to cause great bodily injury (§ 245, subd. (a)(1)); count 4, false imprisonment by violence (§ 236); count 5, carjacking (§ 215, subd. (a)); count 6, unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)); and count 7, arson of the victim's 1997 Jeep Cherokee vehicle (§ 451, subd. (d)).

Defendant was also charged with count 8, possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and count 9, misdemeanor possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)).

As to counts 1, 3, 4, and 5, it was alleged defendant personally used a deadly and dangerous weapon, a blunt object (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

It was further alleged defendant had one prior serious felony conviction enhancement (§ 667, subd. (a)) and one prior strike conviction, both based on his conviction for first degree burglary (§§ 459, 460) in Sacramento County in 1999; and one prior prison term enhancement (§ 667.5, subd. (b)) based on his conviction for possession of a controlled substance, in violation of Health and Safety Code section 11350, in Orange County in 1997.

**Plea**

On February 27, 2002, defendant pleaded guilty to all charges and admitted all the special allegations and enhancements, with the exception of count 5, which the court

_____

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

dismissed on the prosecutor's motion. The parties stipulated to the preliminary hearing transcript and the police reports as the factual basis.

**Sentencing**

On April 2, 2002, the court held the sentencing hearing. The victim addressed the court and stated defendant's "violent rage" left her with a "haunting fear," people would be safer every day he was in prison, and she would "still be here" whenever he was eligible for parole to ensure that he serves "every minute" of his prison sentence. The prosecutor urged the court to impose consecutive terms and stated that the other offenses were separate and apart from the burglary. The prosecutor further stated that defendant left on a kitchen burner after he incapacitated and restrained the victim.

The court stated that the case was "extremely disturbing." Defendant was not eligible for probation because of his prior strike. The court found he would not be a suitable candidate because of his prior criminal record, he was a parolee at large at the time of the offenses, and he committed an extremely violent act. The court acknowledged defendant apologized and explained his addiction was the reason for the offenses but said that did not excuse his behavior.

The court sentenced defendant to 27 years four months in state prison: as to count 1, the upper term of six years, doubled to 12 years as the second strike term, plus three years for the great bodily injury enhancement, one year for the personal use enhancement, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement; consecutive terms of eight months, doubled to 16 months (one-third the midterms, doubled as the second strike terms) for each of counts 4, 6, 7, and 8; a concurrent upper term of six years, doubled to 12 years, for count 2; and stayed the term imposed for count 3 pursuant to section 654.

## PROPOSITION 47

Proposition 47 was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain

4.

ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added … section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief … may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction." (*Ibid.*)

**Defendant's First Petition**

At some point in 2015, defendant apparently filed a petition pursuant to section 1170.18; the petition is not in the instant record. On September 11, 2015, the court filed an order in case No. F662794-7, summarily denying defendant's petition with prejudice because his convictions were ineligible for relief under section 1170.18.

**Defendant's Second Petition**

On January 21, 2020, defendant, in pro. per., filed another petition in case No. 6627947-2, requesting reduction of a felony conviction to a misdemeanor pursuant to section 1170.18. The petition did not specify which conviction was at issue but stated that he was sentenced to 16 months.

**The Court's Ruling**

On June 22, 2020, the court held a hearing on defendant's second section 1170.18 petition. Defendant, who was in state prison, was not present, and defense counsel stated defendant waived his appearance.

The prosecutor stated defendant's conviction in count 8 for felony possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)), qualified for resentencing under Proposition 47, and his aggregate sentence would be reduced by 16 months. The prosecutor further stated that count 9, misdemeanor possession of less than 28.5 grams of marijuana, separately qualified for resentencing and dismissal under Proposition 64, and would not affect defendant's aggregate sentence.[3]

The court agreed and dismissed count 9. It also reduced count 8 from a felony to a misdemeanor and ordered the 16-month sentence stricken. The court stated defendant's aggregate term in case No. 6627947-2 was reduced from 27 years four months to 26 years.

On June 30, 2020, the court filed an amended abstract of judgment in case No. 6627947-2, that count 9 was stricken, count 8 was reclassified as a misdemeanor, and defendant's aggregate sentence was reduced to 26 years.

On July 23, 2020, defendant filed a notice of appeal from the court's order of June 22, 2020.

---

[3] "In 2016, the voters passed Proposition 64, which makes it lawful for persons aged 21 years and older to engage in various types of conduct involving cannabis, including the possession of up to 28.5 grams of cannabis (approximately one ounce), subject to certain exceptions. [Citation.] The initiative also includes a remedial provision that allows persons currently serving a sentence for a cannabis-related crime that is no longer an offense under Proposition 64 to file a petition requesting the dismissal of their sentence." (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060, fn. omitted.)

## **DISCUSSION**

In this appeal, defendant has not raised any issues about the court's ruling when it partially granted his section 1170.18 petition in case No. 6627947-2. Instead, he asserts his defense attorney was prejudicially ineffective for not moving the court to also reduce his felony conviction for the offense underlying the section 667.5, subdivision (b) prior prison term enhancement that he admitted in case No. 6627947-2: possession of a controlled substance, in violation of Health and Safety Code section 11350, in Orange County in 1997.

**Proposition 47**

Defendant first argues his attorney should have advised the court that the underlying conviction from Orange County was also subject to reclassification to a misdemeanor under Proposition 47, so that the court should have reduced the Orange County conviction to a misdemeanor and then stricken the additional term of one year for the prior prison term enhancement based on that conviction.

The People reject defendant's claim of ineffective assistance and assert that a section 1170.18 petition must be filed in the county where defendant's conviction occurred, the conviction underlying the prior prison term enhancement occurred in Orange County, and the court in Fresno County did not have jurisdiction to reduce that conviction to a misdemeanor.

The People are correct. "[T]he plain language of section 1170.18 … demonstrates that both for persons who are currently serving a sentence for a felony reduced by Proposition 47, and for those who have completed such a sentence, the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) *in the superior court of conviction.*" (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331–1332, italics added.) In order for a prior felony conviction to be reclassified as a misdemeanor, the defendant "must file an application under section 1170.18, subdivision (f) to have the offense

7.

designated as a misdemeanor *in the superior court of conviction ….*" (*Id.* at p. 1332, italics added.)

"A defense counsel is not required to make futile motions or to indulge in idle acts to appear competent." (*People v. Torrez* (1995) 31 Cal.App.4th 1084, 1091–1092.) Defense counsel could not have requested the Fresno County Superior Court to reclassify his underlying felony conviction from Orange County since the court lacked jurisdiction to do so, and thus counsel was not ineffective for failing to file a meritless motion.

**Senate Bill Nos. 136 and 483**

As a separate matter, defendant argues that defense counsel was ineffective for failing to move for the court to strike the section 667.5, subdivision (b) prior prison term enhancement, that he admitted as part of his plea agreement, pursuant to the amendments enacted by Senate Bill No. 136.

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5, subdivision (b), to provide that the one-year prior prison term enhancement only applies when there is a prior separate prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1.) "By eliminating the one-year enhancement for prior prison terms that were not imposed for sexually violent offenses, the newly amended section reduces the punishment for such offenses." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

We decline to find counsel was ineffective for failing to move to strike the prior prison term enhancement. At the time of the section 1170.18 hearing, it was not clear whether the court could strike every enhancement admitted as part of a plea agreement. (See, e.g., *People v. Stamps* (2020) 9 Cal.5th 685, 692.)

More importantly, effective on January 1, 2022, Senate Bill No. 483 added section 1171.1 to the Penal Code. (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3 (Senate Bill 483).) Senate Bill 483 extends the modifications brought about by Senate

8.

Bill 136 to judgments already final on appeal (Stats. 2021, ch. 728, § 3), and applies retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) Senate Bill 483 expresses the Legislature's intent "*that any changes to a sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement.*" (Stats. 2021, ch. 728, § 1, italics added.)

Section 1171.1 declares that enhancements imposed before January 1, 2020, under former section 667.5, subdivision (b), are legally invalid except for any enhancement imposed for a prior conviction for a sexually violent offense. (§ 1171.1, subd. (a); *People v. Flores* (2022) 77 Cal.App.5th 420, 443.) It also provides for resentencing of defendants already sentenced to prior prison term enhancements and sets out specific instructions for any such resentencing. (§ 1171.1, subds. (c)–(e).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, *unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.*" (*Id.*, subd. (d)(1), italics added.)

In the initial briefing in this case, the People did not address the possible application of Senate Bill 136 to the prior prison term enhancement imposed in this case as part of the plea agreement. We requested supplemental briefing from the parties about the impact of Senate Bill 483 to this issue. The parties agree that remand is required since defendant's conviction from Orange County, underlying the prior prison term enhancement that he admitted as part of his plea agreement in case No. 6627947-2, was not for a sexually violent offense.

We therefore remand the matter for the trial court and parties to address the amendments enacted by Senate Bills 136 and 483 to the prior prison term enhancement

that defendant admitted, and the one-year term imposed in this case, and for resentencing pursuant to the provisions of section 1171.1.

## <u>DISPOSITION</u>

The matter is remanded for further appropriate proceedings.